UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LASTORINA-SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER OKPAIA, et al.,<br><br>Defendants. | Case No. 25-cv-04305-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. 1983 against the jail and several correctional officers. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

2    which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

3    a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

4    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

5    formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

6    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

7    550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a

8    claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its

9    face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

10   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

12   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

13   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

14   42, 48 (1988).

## LEGAL CLAIMS

16        The complaint contains several improperly joined claims.  The Federal Rules of Civil

17   Procedure govern joinder of different claims in a single complaint.  "A party asserting a claim,

18   counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as

19   many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  But when, as here, there

20   are multiple defendants, the claims against the multiple defendants may be joined in one action

21   only "if any right to relief is asserted against them jointly, severally, or in the alternative with

22   respect to or arising out of the same transaction, occurrence, or series of transactions or

23   occurrences; and any question of law or fact common to all defendants will arise in the action."

24   Fed. R. Civ. P 20(a)(2).  As a result of these rules, "multiple claims against a single party are fine,

25   but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant

26   2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different

27   defendants belong in different suits." *Id*.  "A buckshot complaint that would be rejected if filed by

28   a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him,

D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

The complaint makes the following claims:

- on February 10, 2025, Officer Rocha used excessive force on Plaintiff at the Santa Clara County Superior Court;
- on January 27, 2025, correctional officers[1] assigned Plaintiff a cellmate who later destroyed Plaintiff's legal paperwork;
- on January 15, 2025, a transportation officer denied Plaintiff permission to bring boxes to court, Officer De La Cruz used excessive force on Plaintiff, Plaintiff's requests to use the bathroom while he was handcuffed to a chair were ignored for two hours, and Officer T. Jark denied his request for transportation to court; and
- on January 24, 2025, Officer Perez and another officer ignored Plaintiff's requests to see a judge, used excessive force on him, and sexually assaulted him.

The above claims arise out of different and unrelated incidents. The complaint names four different individuals and the Santa Clara County Jail as Defendants. Plaintiff has also mailed two requests to change the name of this case (ECF Nos. 8, 11), the latter of which seeks to add another individual Defendant. As alleged, Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. The Federal Rules of Civil Procedure do not allow Plaintiff to assert a grab-bag of unrelated claims against different defendants, but this is precisely what he has done. Accordingly, the Court finds the claims and Defendants improperly joined.

The Court cannot simply strike certain claims that are not properly joined because it cannot discern which of his many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and Defendants, the Court will dismiss the complaint with leave to file an amended complaint. In his amended complaint in this action, Plaintiff may only allege claims against multiple Defendants that (a) arise out of the same transaction, occurrence, or

---

[1] Plaintiff has not provided the names of some officers.

series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named in the complaint. *See* Fed. R. Civ. P. 20(a)(2).  Or he may bring multiple claims against a single defendant. *See id.* at 18(a).  Claims arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases.

## CONCLUSION

For the reasons discussed above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint on or before **September 5, 2025**.  The amended complaint must include the caption and civil case number used in this order (No. C 25-4305 (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case may be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 30, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge