PRO-SE

Mario Lastorina-Snyder

206 Hayes Circle Marina, CA 93933

Telephone: (831) 713-9207

officialuseomega@gmail.com

FILED

JAN 05 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MARIO LASTORINA-SNYDER, | ) | CASE NO.: 3: 25-cv-04305- JSC |
| Plaintiff, | ) | PLAINTIFF'S SECOND AMENDED |
| v. | ) | COMPLAINT FOR VIOLATIONS OF |
| ROBERT JONSEN, | ) | CIVIL RIGHTS UNDER 42 U.S.C. |
| DEFENDANT(s). | ) | SECTION 1983 |
| | ) | DEMAND FOR JURY TRIAL |

Plaintiff, Mario Lastorina-Snyder ("Plaintiff" or "Mr. Snyder"), by pro-se counsel, alleges as follows:

INTRODUCTION

This action arises from the unlawful use of force and deliberate indifference to serious deprivation of the plaintiff's indisputable rights, those actions were by Correctional Officers of the Santa Clara County Sherriff's Office, Mr. Snyder was a pretrial detainee with zero prior criminal history at the Santa Clara County Jail, Elmwood Correctional Facility, on January 15, 2025 he had a scheduled Court date in Palo Alto, CA. Mr. Snyder was denied access to the courts, because he endeavored to carry his legal paperwork in cardboard boxes that were issued by the jail. He was instructed to wait in an interview room to await separate transport, Upon entering that room an officer instructed the plaintiff to "stand-up" then smashed his head against the wall then proceeded to triple handcuff the plaintiff to a chair for hours. After hours of waiting, Mr. Snyder politely requested to use the restroom, his request was deliberately ignored.

Mr. Snyder then began demanding to use the restroom to which an officer responded, " Do you want to use the restroom or go to court". The plaintiff requested that he be able to use the restroom and be transported to court after he relieved himself, that compound request was denied. After nine days elapsed from his court date on January 15, 2025, Mr. Snyder demanded that he be brought to court. The response by the correctional officer was culpable negligence, so the plaintiff exhibited civil disobendence by refusing to " be quiet" about his peaceful demand to be brought to the Superior Court of Santa Clara. Upon refusal to comply with the correctional officer's unlawful order, Mr. Snyder was threatened by another inmate and nearly struck in the back of the head. The Correctional Officer on January 24, 2025 at approximately 0800 hours then ransacked Mr. Snyder to the ground while he was peacefully sitting on a lunch bench. That Officer began to push Mr. Snyder across the floor like a mop and screaming while mounted on top of him, "Stop resisting!" Mr. Snyder replied, "I am not resisting!" That follow up statement infuriated the officer, and he applied even greater force pushing the plaintiff several feet across the ground. While that Correctional Officer was pushing Mr. Snyder across the floor he continued to instruct Mr. Snyder to stop resisting, during that event his trousers went beneath his waistline, and Mr. Snyder felt a firm object penetrate his rectum. Mr. Snyder is suing the Santa Clara Sheriff's Office under Monell in its official capacity. He is seeking a judgement for an award of compensatory and punitive damages as allowed by law.

## JURISDICTION AND VENUE

1.      This action arises under 42 U.S.C section 1983, conferring jurisdiction upon this Court under 28 U.S.C Section 1331 and Section 1343.

2.      A substantial part of the events or omission giving rise to Plaintiff's claims occurred in the County of Santa Clara, California. As a result, 28 U.S.C Section 1391(b) confers venue upon this Court.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R 3-2(c) and 3-(b), this action shall be properly brought in the San Jose or to the San Francisco Division per the District's decision on intra-district rebalancing.

## PARTIES

4. Plaintiff, Mario Lastorina Snyder, is a natural person and resident of the State of Pennsylvania. At the time of the conduct giving rise to this lawsuit, Mr. Snyder was a pretrial detainee.

5. Defendant, Sheriff Robert Jonsen, presides over a California municipality, duly organized and existing under the laws of the State of California. He is the owner and legal entity responsible for operating the Santa Clara County Jail, Elmwood Correctional Facility.

6. All Dates, times, and defendant's mentioned herein, were acting acting under color of law and in the course of scope of their employment. The reason why employee personnel information is missing will be sought in the discovery. Upon ascertaining the true identities of the unnamed defendants, Plaintiff will amend his Complaint or seek leave to do so to add the defendants.

## STATEMENT OF FACTS

10. On December 6, 2024, Mr. Snyder was arrested and booked into the Santa Clara County Jail.

11. At the time of his arrest he appearing in Santa Clara Court house for arraignment.

12. Mr. Snyder was not on parole, probation, or under any other custody restraints.

13. After booking Mr. Snyder was not provided bail, which is a fundamental jurisdictional error.

14. Mr. Snyder held a sworn affidavit from the alleged victim that stated "she knowingly and maliciously" lied to the police about the facts that led to his arrest.

15. Mr. Snyder was brought to his court date on December 30, 2024 free of infirmary.

16. Mr. Snyder was denied meaningful access to the Superior Courts of Santa Clara on January 15, 2025.

17. Mr. Snyder was triple handcuffed to a chair for several hours after the denial to the Superior Court on January 15, 2025.

18. Mr. Snyder's head was abruptly and forcibly smashed against a wall on January 15, 2025 prior to being triple handcuffed to a chair.

19. Mr. Snyder was provided with an ultimatum by a Correctional Officer on January 15, 2025 specifically, "Would you like to use the bathroom or go to Court". Mr. Snyder's response, "both".

PAGE 4

20. On January 24, 2025 the Plaintiff peacefully demanded to be brought to Court.

21. The Correctional Officer on duty at approximately 0800 hours denied Mr. Snyder and informed Mr. Snyder to stifle himself of he would "Lock it Down".

22. Mr. Snyder continued to respectfully request to be brought to court, and the Correctional Officer stated, "Lock it Down". (Jan 24, 2025)

23. That order infuriated another inmate who made a credible criminal threat, and began to punch Mr. Snyder in the back of the head. (Jan 24, 2025)

24. That caused the Correctional Officer on duty (Jan 24, 2025) to throw the Plaintiff off the lunch bench, pin him to the ground and begin pushing the Plaintiff across the floor like a mop.

25 During that event on January 24, 2025 the Correctional Officer on duty at approximately 0800 hours was informing Mr. Snyder to stop resisting, the plaintiff's response was, " I am not".

26. That statement infuriated the Correctional Officer on duty (Jan 24, 2025) and he applied even greater force against Mr. Snyder, which caused Mr. Snyder's rear end to be exposed without clothing.

27. While Mr. Snyder's rear end was exposed an unknown firm object penetrating his rectum.

28. Mr. Snyder responded by stating " Please stop, stop otherwise I may be able to defend myself.

30. The Plaintiff was not provided with medical attention and escorted to a holding cell, and punished by upgrading his security level thereby transported to Main Jail in San Jose, CA.

31. While at Main Jail in Santa Clara County CA, Mr. Snyder was assaulted by another inmate and sent to the emergency room.

32. Defendants' improper oversight of use of force policy demonstrates deliberate indifference on a level determined to be so extreme that caused the Plaintiff to suffer past and future disability, trauma, and loss of enjoyment of life, past and future physical pain, mental anguish, and severe emotional duress, and past and future necessary medical care, treatment, and services. The resulting harm to Mr. Snyder included not only head injury but also mental anguish due to forcible sexual assault causing life-altering emotional and physical damage.

33. Defendant's supervisory oversight was driven by an evil motive or intent, or, at the very least was engaged in malice and involved a reckless or callous indifference to Mr. Snyder's constitutional rights.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C SECTION 1983 -- Deprivation of Right to Free Speech Under the First Amendment

Defendant acted under color of state law while engaged in the conduct complained herein, which deprived Mr. Snyder of his rights under the First Amendment of the United States Constitution. Mr. Snyder's speech at the Santa Clara County Jail was a constitutionally protected activity, namely the right of freedom of speech protected by the First Amendment including the right to demand to be brought to Court. Defendant's oversight on policy dictating the response to Mr. Snyder's free speech is the root cause of that encounter, therefore, placing liability upon the Defendant.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C 1983-- Excessive Force Under the Fourteenth Amendment and Eighth Amendment

1. Defendant's policy on transportation of inmates does not include denial of transport for "legal paperwork"; however, when questioned about the denial to the courts, the correctional officer in charge of transportation

2. on January 15, 2025 differed to his training for the reason for denial, stating that Plaintiff's non-compliance was a "pre-assaultive-indicator".

3. The Plaintiff was then stood up by Correctional Officers and had his head slammed into a wall; afterwards, was handcuffed to a chair for several hours and provided with an ultimatum.

4. Such conduct deprived Mr. Snyder of his right to access the courts, by use of excessive force and cruel and unusual punishment for expressing his rights.

5. Defendant's policy and training of his officers is drastically deficient and so austere that it is clear and convincing that is the underlying cause for the repeated constitutional abuse.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C SECTION 1983 -- Deliberate Indifference to Serious Medical Needs

### UNDER THE FOURTEENTH AMENDMENT

1. Defendant failed to provide a PREA screening, or any resulting follow up with the Plaintiff's reported claim by way of medical treatment. There were several occassions where the Plaintiff denied medical treatment, but none were specific to the sexual assault on January 24, 2025 at approximately 0800 hours.

2. Defendant acted under color of state law while developing policy and training for his deputies. The conduct exhibited by several deputies suggest that the issues presented to the pretrial detainee Mario Lastorina-Snyder were in fact systemic.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C SECTION 1983-- Monell

1. Plaintiff incorporates by reference the allegations contained in all paragraphs as though fully set forth herein.

2. Defendant acted under color of state law while engaged in the conduct of supervisory oversight for his deputies that erroneous policy enforcement led to serious deprivation of Mr. Snyder's right to be free from deliberate indifference to his serious medical needs while in custody as a pretrial detainee, as secured by the Fourteenth Amendment of the United States Constitution.

3. The training policies of Santa Clara County Sherriff were not adequate to prevent violations their employees from violating Mr. Snyder's rights.

4. The Defendant was deliberately indifferent to the substantial risk that their policies were inadequate to prevent constitutional violations by their employees.

Defendant's conduct was the actual and proximate cause of Mr. Snyder's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Snyder demands judgement in his favor and against Defendant, and each of them, jointly and severally as allowed by law as follows:

   A. For Compensatory damages in an amount according to proof at trial;

   B. For punitive damages in an amount sufficient to punish and deter according to proof at trial:

         C: For pre-judgement interest pursuant to law;

         D: For Costs and attorney's fees as allowed by state law; and

         E: For such other relief as the Courts deems just and proper.

Dated: __ January 03, 2025 __

## JURY TRIAL DEMAND

Plaintiff, on his own submission, pursuant to Fed. R. Civ. P. 38 and Civil L.R 3-6, demands a trial by jury on all issues so triable.

Dated: __January 03,2025.

# ADDITIONAL CLAIM

Plantiff asserts violations of 38 U.S.C §4301(a)(3), prohibiting discrimination against uniformed service members.

Respectfully submitted,

January 03, 2025

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO LASTORINA-SNYDER,

Plaintiff,

v.

CORRECTIONAL OFFICER OKPAIA, et al.,

Defendants.

Case No.  25-cv-04305-JSC

**ORDER GRANTING EXTENSION OF TIME**

Re: Dkt. No. 18

Good cause appearing, Plaintiff's motion for an extension of time in which to file an amended complaint is GRANTED.  The new deadline is **January 4, 2026.**  If Plaintiff fails to file a second amended complaint within the designated time, or if the second amended complaint is not sufficient, the case may be dismissed.

This order resolves docket number 18.

**IT IS SO ORDERED.**

Dated: November 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge