UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO LASTORINA-SNYDER,

Plaintiff,

v.

ROBERT JONSEN,

Defendant.

Case No. 25-cv-04305-JSC

**ORDER OF PARTIAL DISMISSAL
WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, a former inmate at the Santa Clara County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against jail officials. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. (ECF Nos. 12, 16.) The amended complaint was also dismissed with further leave to amend. (ECF No. 17.) Plaintiff has filed a timely second amended complaint against Robert Jonsen, the Sheriff of Santa Clara County. (ECF No. 22.) For the reasons discussed below, the second amended complaint states claims capable and incapable of judicial determination. The claims that are not capable of judicial determination are dismissed with leave to amend.

**BACKGROUND**

The original complaint was dismissed for improper joinder because it contained numerous unrelated claims against a variety of different defendants. (ECF No. 12.) The amended complaint repeated the same claims as the original complaint, albeit against only one defendant, Sherriff Jonsen (who had not been named as a defendant in the original complaint). (*Compare* ECF No. 1 at 5-21 *and* ECF No. 12 at 13-29.) The amended complaint was dismissed for failure to state a claim capable of judicial determination, however, because Plaintiff did not allege any acts or omissions by Jonsen and instead relied on the theory that Jonsen was vicariously liable for the actions and omissions of his subordinates. (ECF No. 17 at 3:3-4:2 (citing *Ashcroft v. Iqbal*, 556

United States District Court
Northern District of California

United States District Court
Northern District of California

U.S. 662, 677 (2009) (holding respondeat superior liability not allowed for claims under 42 U.S.C. § 1983).)

The second amended complaint ("SAC") also only names Jonsen as a defendant (ECF No. 22 at ¶ 5), but it adds allegations that his inadequate training, policies, and supervision caused jail personnel to violate Plaintiff's constitutional rights in a variety of ways. The SAC alleges on January 15, 2024, jail personnel "smashed" Plaintiff's head against a wall, handcuffed him to a chair, and denied his request to go to court. (*Id.* at ¶¶ 16-19.) On January 24, 2025, he "peacefully demanded" to be taken to court, and jail employees "threw" him on the ground, pinned him, dragged him "like a mop," and an "unknown object penetrated his rectum." (*Id.* at ¶¶ 20-28.) Following this incident, he did not receive medical attention, but was sent to a holding cell and then to a higher security unit at the Main Jail. (*Id.* at ¶ 30). Plaintiff alleges he was assaulted by other inmates at Elmwood on January 24, 2025, and later assaulted at the Main Jail. (*Id.* at ¶¶ 23, 31.) Plaintiff alleges Jonsen's inadequate training, policies and supervision caused jail employees to use excessive force in response to his requests to go to court, block his access to the court, and fail to provide medical care. (*See*, *e.g.*, *id.* at ¶¶ 32, 33; *id.* at 5:7-8, 5:19-18, 6:1-3, 6:8-15.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state

a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

1.    Claims Capable of Judicial Determination

In the order dismissing the first amended complaint with leave to amend, the Court explained the law regarding Section 1983 claims against a supervisory official, such as Jonsen, as follows:

> A supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted).  The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208).

(ECF No. 17 at 3:8-19.)

When liberally construed, the SAC alleges Jonsen's inadequate training, policies, and

3

United States District Court
Northern District of California

supervision caused his subordinates to use excessive force against Plaintiff, sexually assault him, retaliate against him for exercising his First Amendment rights, and deny him access to court and to adequate medical care.  If proven true, such allegations support a reasonable inference Jonsen's "culpable action or inaction in the training, supervision, or control" of his subordinates caused violations of Plaintiff's constitutional rights under the First, Fourteenth, and Eighth Amendments. *See Starr*, 652 F.3d at 1208; *see generally Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (holding Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (recognizing claim for retaliation for inmate's exercise of their First Amendment rights); *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) (holding sexual assault of an inmate violates the Eighth Amendment); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding Fourteenth Amendment prohibits deliberate indifference to pretrial detainee's medical needs); *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (holding prisoners have due process  right of access to the courts).  Consequently, the SAC states plausible claims for relief capable against Jonsen that are capable of judicial determination and are based upon Jonsen's subordinates' alleged use of excessive force, sexual assault, retaliation, denial of access to the courts, and inadequate medical care.

2.     Claims Not Capable of Judicial Determination

Plaintiff has not stated a plausible claim that Jonsen can be held liable for the alleged assaults by other inmates.  To be liable for failing to protect an inmate from harm from others, a jail supervisor must have been deliberately indifferent to a substantial risk that his actions (e.g. substandard training, supervision, policy creation) would cause an inmate attack, and there must be a causal connection between the supervisor's actions and the plaintiff's harm.  *See Jeffers v. Gomez*, 267 F.3d 895, 914-16 (9th Cir. 2001).  Plaintiff does not allege any action by Jonsen, including his training, policies, or supervision, caused the alleged assaults by other inmates.  Nor does he allege any facts supporting a reasonable inference Jonsen or his subordinates was deliberately indifferent to a substantial risk that Plaintiff would be attacked by other inmates. Consequently, the SAC does not state a plausible claim capable of judicial determination that

United States District Court
Northern District of California

Jonsen violated his constitutional rights by failing to protect him from other inmates.

Plaintiff includes the word "Monell" in his claim regarding his medical care. (ECF No. 22 at 6:6.) In *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), the Supreme Court held local governments are subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. To state a claim capable of judicial determination under *Monell*, a plaintiff must allege facts supporting a reasonable inference "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal quotation marks omitted). There is no Monell liability for individual actors, however, such as Defendant Jonsen; a *Monell* claim can only be brought against a local government entity, such as the County of Santa Clara, which is the local government entity that runs the Santa Clara County Jail. *See* Guillory v. Orange Cnty., 731 F.2d 1379, 1382 (9th Cir. 1984) ("*Monell* does not concern liability of individuals acting under color of state law."); Smith v. Cnty. of Santa Cruz, 2014 WL 3615492, at *11 (N.D. Cal. July 22, 2014) ("*Monell* liability applies only to municipal or other local government units."); *see also Estate of Chivrell v. City of Arcata*, 694 F.Supp.3d 1218, 1230 n.5 (2023). The SAC, even when liberally construed, does not state a claim capable of judicial determination under *Monell* because Plaintiff only sues an individual and not a local government entity.

The Court will allow Plaintiff further leave to amend these claims. claims.

**CONCLUSION**

For the reasons discussed above,

1. The second amended complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file a third amended complaint on or before **March 9, 2026**. The third amended complaint must include the caption and civil case number used in this order (No. C 25-4305 JSC (PR)) and the words "COURT-ORDERED THIRD AMENDED COMPLAINT" on the first page. Because any amended complaint completely replaces the prior complaints, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended

United States District Court
Northern District of California

complaints by reference; he must include in his third amended complaint all the claims he wishes to pursue, including those found capable of judicial determination, above.  <u>If Plaintiff fails to file a third amended complaint within the designated time, or if the third amended complaint is not sufficient, the claims found not capable of judicial determination may be dismissed, and the case will proceed based only upon the claims found capable of judicial determination.</u>

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 6, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge