UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO LASTORINA-SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JONSEN,<br><br>Defendant. | Case No. 25-cv-04305-JSC<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a former inmate at the Santa Clara County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against jail officials.  Plaintiff has received leave to amend his complaint three times.  He timely filed a Third Amended Complaint ("TAC") against the County of Santa Clara, Santa Clara County Sheriff Robert Jonsen, and Deputies Perez and Erik Tjarks[1], both of whom are employed by the Santa Clara County Sherriff's Office and worked at the jail.  (ECF Nos. 12, 17, 23, 30.)  The Court has reviewed the TAC under 28 U.S.C. § 1915A, and for the reasons discussed below, concludes it states claims capable of judicial determination and orders the Marshal to serve Defendants.

**BACKGROUND**

Plaintiff alleges he was housed at the Santa Clara County Jail on January 15, 2025, when he had a court appearance in Palo Alto.  (ECF No. 30 at 5.)  While he was waiting for transportation, unnamed "officers" informed him he could not bring boxes of his legal materials with him, beat him, and handcuffed him to a table for several hours.  (*Id.*)  He requested to use the

---

[1] Plaintiff refers to these Defendants as "Correctional Officers," but the Court refers to them as Deputies because they are employed by the Santa Clara County Sheriff's Office.  When Defendants appear, they shall provide their correct job titles.

United States District Court
Northern District of California

bathroom, and Defendant Erik Tjarks told him he could either go to the bathroom or go to court. (*Id.* at 6.)  He asked to do both, but these requests were denied, and Plaintiff missed his court appearance.  (*Id.*)

Plaintiff alleges on January 24, 2025, he repeatedly requested to be transported to court. (*Id.* at 6-7.)  Defendant Perez and other officers did not take him, told him to "lock it down," threw him to the ground, dragged and pushed him, and after his pants were forced down, they penetrated his rectum with a foreign object.  (*Id.*)  These officers ordered him to stop resisting, and when he told them he was not resisting, they increased their use of force.  (*Id.* at 7.)  Plaintiff alleges both this and the January 15, 2025, incidents were "part of the same retaliatory sequence."  (*Id.*)  He also alleges a county official subsequently acknowledged the use of force and sexual assault that took place on January 24, 2025, but no action was taken "to remedy the misconduct."  (*Id.* at 9.)

Plaintiff also alleges after both incidents, he was not provided medical evaluations or treatment or a Prison Rape Elimination Act screening, and he was placed in a holding cell and transferred to "higher security unit."  (*Id.* at 7-8.)  Plaintiff alleges "classification deputies" determined the January 24, 2025, incident was Plaintiff's fault and increased his security classification.  (*Id.* at 8.)  He was then transferred to the Main Jail, which was a "higher risk" environment.  (*Id.*)  Plaintiff alleges the reclassification was retaliatory.  (*Id.* at 8.)

Plaintiff alleges the foregoing "failures occurred within customs and practices" at the jail. (*Id.* at 8; *see also id.* at 10.)  He also alleges Defendant Jonsen was "responsible for training, supervision, and enforcement of standards governing correctional officers and allowed these practices to persist," and Defendant Santa Clara County "maintained the policies and operational framework that permitted these practices."  (*Id.* at 8; *see also id.* at 10.)

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

2

§ 1915A(b).  Pleadings filed by unrepresented litigants must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

When liberally construed, Plaintiff's allegations "allow the Court to draw the reasonable inference that the defendant[s] are liable" for the following violations of his constitutional rights: (1) Defendants Tjarks and Perez violated his Amendment right of access to the courts; (2) Defendants Tjarks and Perez retaliated against him for requesting access to courts; (3) Defendant Perez violated Plaintiff's Fourteenth Amendment right to be free from excessive force and sexual assault; and (4) Sheriff Jonsen's policies and inadequate supervision and training caused violations of Plaintiff's constitutional rights to access the courts, adequate medical care, and to be free from excessive force, sexual assault, and retaliation.  *See Ashcroft*, 556 U.S. at 678.  In addition, Plaintiff's allegations that policies, customs, and practices at the jail led to these violations support

United States District Court
Northern District of California

3

a reasonable inference that Defendant County of Santa Clara County is liable for such violations. *See id.*; *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (holding local governments are subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort).[2]  Accordingly, Plaintiff has stated "plausible" claims under Section 1983 against Defendants Tjarks, Perez, Jonsen, and the County of Santa Clara.  *Bell Atlantic Corp*, 550 U.S. at 555.

CONCLUSION

For the foregoing reasons,

1.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the Third Amended Complaint (ECF No. 30) with attachments, and a copy of this order on Santa Clara County Sheriff Robert Jonsen, Deputy Erik Tjarks, and Deputy Perez at the Santa Clara County Sherriff's Department, and on Santa Clara County.

The Clerk shall also mail a courtesy copy of the first amended complaint with all attachments and a copy of this order to the Santa Clara County Counsel's Office.

2.      Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

3.      To expedite the resolution of this case:

a.  No later than **July 31, 2026**, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a

---

[2] The TAC lists six causes of action, which the Court construes as stating the five claims capable of judicial determination described in this paragraph.  (*See* ECF No. 30 at 13-27.)

United States District Court
Northern District of California

separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **August 28, 2026**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **September 11, 2026**.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May4, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.