United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO LASTORINA-SNYDER,

Plaintiff,

v.

CORRECTIONAL OFFICER PEREZ, et al.,

Defendants.

Case No. 25-cv-04305-JSC

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MOTION TO DISMISS; ON PENDING MOTIONS, SCHEDULING DISPOSITIVE MOTION BRIEFING**

Re: Dkt. Nos. 32, 51, 58, 61, 65, 67, 73.

## INTRODUCTION

Plaintiff, a former inmate at the Santa Clara County Jail who is proceeding without representation by an attorney, filed this pro se civil rights complaint under 42 U.S.C. § 1983 complaining about conditions at the jail. Defendants County of Santa Clara, Santa Clara County Sheriff Robert Jonsen, and Deputy Erik Tjarks have been served and have appeared. (ECF No. 46.)

Plaintiff, who is now a Florida resident, has filed a motion for a temporary restraining order ("TRO") and a preliminary injunction seeking to enjoin his state court criminal proceedings.[1] (ECF No. 51 at 5.) Defendants filed an opposition, and Plaintiff filed a reply. (ECF Nos. 56, 63.) Defendants have also filed a motion to dismiss and to stay. (ECF No. 58.) Plaintiff filed an opposition to this motion, and Defendants filed a reply. (ECF Nos. 62, 64.) Plaintiff and Defendants have each filed discovery letter briefs. (ECF Nos. 65, 67.) Plaintiff also filed motions for an extension of time, to file additional pages, and for a writ of mandamus. (ECF

[1] In addition to his criminal proceedings from Santa Clara County Superior Court (currently on appeal), Plaintiff references another criminal proceeding in Santa Cruz County Superior Court that commenced in June 2026. (*See* ECF No. 51 at 6.)

Nos. 32, 61, 73.)[2]

For the reasons discussed below, the motions for a TRO and preliminary injunction and the motion to dismiss are DENIED. The Court also addresses the other pending motions and sets a dispositive motion briefing schedule, below.

**BACKGROUND**

The Court summarized the factual allegations in the operative Third Amended Complaint ("TAC") as follows:

> Plaintiff alleges he was housed at the Santa Clara County Jail on January 15, 2025, when he had a court appearance in Palo Alto. (ECF No. 30 at 5.) While he was waiting for transportation, unnamed "officers" informed him he could not bring boxes of his legal materials with him, beat him, and handcuffed him to a table for several hours. (*Id.*) He requested to use the bathroom, and Defendant Erik Tjarks told him he could either go to the bathroom or go to court. (*Id.* at 6.) He asked to do both, but these requests were denied, and Plaintiff missed his court appearance. (*Id.*)
>
> Plaintiff alleges on January 24, 2025, he repeatedly requested to be transported to court. (*Id.* at 6-7.) Defendant Perez and other officers did not take him, told him to "lock it down," threw him to the ground, dragged and pushed him, and after his pants were forced down, they penetrated his rectum with a foreign object. (*Id.*) These officers ordered him to stop resisting, and when he told them he was not resisting, they increased their use of force. (*Id.* at 7.) Plaintiff alleges both this and the January 15, 2025, incidents were "part of the same retaliatory sequence." (*Id.*) He also alleges a county official subsequently acknowledged the use of force and sexual assault that took place on January 24, 2025, but no action was taken "to remedy the misconduct." (*Id.* at 9.)
>
> Plaintiff also alleges after both incidents, he was not provided medical evaluations or treatment or a Prison Rape Elimination Act screening, and he was placed in a holding cell and transferred to "higher security unit." (*Id.* at 7-8.) Plaintiff alleges "classification deputies" determined the January 24, 2025, incident was Plaintiff's fault and increased his security classification. (*Id.* at 8.) He was then transferred to the Main Jail, which was a "higher risk" environment. (*Id.*) Plaintiff alleges the reclassification was retaliatory. (*Id.* at 8.)
>
> Plaintiff alleges the foregoing "failures occurred within customs and practices" at the jail. (*Id.* at 8; *see also id.* at 10.) He also alleges Defendant Jonsen was "responsible for training, supervision, and enforcement of standards governing correctional officers and allowed these practices to persist," and Defendant Santa

---

[2] Plaintiff also filed and later withdrew a motion to stay this case. (ECF Nos. 54, 55.)



United States District Court
Northern District of California

> Clara County "maintained the policies and operational framework that permitted these practices." (*Id*. at 8; *see also id*. at 10.)

(ECF No. 34 at 1-2.)

The Court determined the TAC stated the following plausible claims under Section 1983:

> (1) Defendants Tjarks and Perez violated his [First] Amendment right of access to the courts; (2) Defendants Tjarks and Perez retaliated against him for requesting access to courts; (3) Defendant Perez violated Plaintiff's Fourteenth Amendment right to be free from excessive force and sexual assault; and (4) Sheriff Jonsen's policies and inadequate supervision and training caused violations of Plaintiff's constitutional rights to access the courts, adequate medical care, and to be free from excessive force, sexual assault, and retaliation. *See Ashcroft*, 556 U.S. at 678. In addition, Plaintiff's allegations that policies, customs, and practices at the jail led to these violations support a reasonable inference that Defendant County of Santa Clara County is liable for such violations.

(*Id.* at 3-4 (footnotes and citations omitted); *see also* ECF No. 30 at 14-27 (claims set forth in TAC).)

In April 2025, Plaintiff was convicted in Santa Clara County Superior Court of assault with a deadly weapon, false imprisonment, criminal threats, and attempting to dissuade a witness, as well as two misdemeanor counts of violation of a domestic violence order.[3] (ECF No. 57-1.) In November 2025, Plaintiff received a two-year sentence. (ECF No. 57-2, 57-13.) He appealed, and his appeal is currently pending in the California Court of Appeal.[4] (ECF Nos. 57-3, 57-14.) On December 15, 2025, Plaintiff was released from custody on supervised parole until December 6, 2027, which requires him to report weekly to the parole office in Salinas, California. (ECF No. 57-2.) In February 2026, a state court judge found he had "absconded," reported him to the National Crime Information Center, revoked his parole, and ordered law enforcement to arrest and hold him without bail.[5] (*Id.*)

---

[3] The facts regarding Plaintiff's criminal history are not in dispute and are taken from the state court records accompanying Defendants' request for judicial notice (ECF No. 57), which is granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding state court records are judicially noticeable under Federal Rule of Evidence 201).

[4] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=6&doc_id=3148641&doc_no=H053935&request_token=NiIwLSEnPkg%2BWzBZSCJNXEpJUFQ7UCxbJiIuIzlSICAgCg%3D%3D.

[5] Plaintiff has changed his address several times to various locations in Southern California and, most recently, Florida.

Plaintiff previously sought to enjoin his criminal proceedings in three federal habeas petitions. In *Lastorina-Snyder v. Jonsen*, No. C 25-03732 TLT (PR), the court dismissed the petition because, "under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances." (ECF No. 27 at 2:25-28 (*citing Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see id.* at 2-3). The court advised Plaintiff :

> To the extent he challenges the conviction and/or sentence and any trial errors such as prosecutorial misconduct, Lastorina-Snyder should raise those claims in state court. Lastorina-Snyder may return to federal court and file a petition for writ of habeas corpus under section 2254 raising constitutional challenges to his conviction and/or sentence after he has presented those challenges to the California Supreme Court in his direct appeal and/or a state habeas proceeding after his direct appeal process has concluded.

(*Id.* at 3:20-25.) Plaintiff filed two other similar petitions in other federal districts, which were transferred to this district and dismissed as duplicative of the first petition. *See Lastorina-Snyder v. Superior Ct.*, No. 25-05759 TLT (PR) (N.D. Cal. Aug. 4, 2025) (ECF No. 8); *Lastorina-Snyder v. Superior Ct.*, No. 25-07874 TLT (PR) (N.D. Cal. Sept. 19, 2025) (ECF No. 7).

**DISCUSSION**

1. Motion For TRO and Preliminary Injunction

Plaintiff's motion for a TRO and preliminary injunction[6] seeks to enjoin his state court proceedings. (ECF No. 51 at 5-6.) Plaintiff seeks to enjoin "all law enforcement and parole entities" from "executing outstanding bench warrants, pursuing interstate extradition, or enforcing the terms of active parole supervision arising out of" his criminal and parole revocation proceedings in Santa Clara County and another prosecution in Santa Cruz County. (ECF No. 51 at 5-6; *see also id.* at 6 (seeking "federal intervention to restrain Defendants and those acting in concert with Defendants from returning him" to custody); 13 ("this Court must freeze all active state warrants").) The motion alleges "constitutional violations" in these proceedings, including "fabricated evidence," "suppression of exculpatory *Brady*" material, and "denial of the Sixth Amendment right to counsel." (*Id.* at 6; *see also id.* at 26:13-14 (citing "fabricated evidence,

[6] The motion is verified and not accompanied by an affidavit or other evidence.

suppressed exculpatory reports, and retaliatory detention”).)

a. <u>The Motion Raises Claims Distinct from the Operative Complaint</u>

A plaintiff is not entitled to preliminary injunctive relief on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen’s Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). “[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.” *Id.* There is a sufficient nexus if the interim order “would grant ‘relief of the same character as that which may be granted finally.’” *Id.* (citation omitted).

Both the claims and the relief Plaintiff seeks in the instant motion are distinct from the claims and relief sought in the operative TAC. Plaintiff’s claims in the instant motion----that he suffered constitutional violations in his prosecution and parole----are not pled in the TAC. (*See* ECF Nos. 30 at 14-27; 34 at 3-4.) Moreover, the relief Plaintiff seeks in this motion ---- to enjoin bench warrants, parole supervision, and his extradition from Florida to California --- is distinct from the relief he seeks in the TAC for damages and declaratory relief stemming from the incidents at the jail. (ECF No. 30 at 28.)

The Court notes that while the instant motion references his sexual assault and “medical abandonment” in jail, it does so in the context of arguing for application of the “bad faith” exception to *Younger* abstention. (*See*, *e.g.*, ECF No. 51 at 24:1-4 (“I have been subjected to a multi-year campaign of retaliatory prosecution, custodial sexual assault, and medical abandonment. This is not a good faith criminal proceeding; it is an instrument of systemic suppression.”); *see also* 9:7-17, 10:24-11:26.). The TAC does not challenge the validity of his criminal prosecution or parole; it challenges only the constitutionality of his treatment in jail.

Plaintiff’s motion for a TRO and preliminary injunction does not have a “sufficient nexus” with the operative TAC because it asserts different claims and seeks different forms of relief. *See Pacific Radiation Oncology, LLC*, 810 F.3d at 633. Therefore, it must be denied.

b. <u>No Likelihood of Success on the Merits</u>

Plaintiff’s motion fails for a second reason. “A plaintiff seeking a preliminary injunction

must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *See Diamond Sands Apartments, LLC v. Clark Cnty. Nevada*, 164 F.4th 759, 762 (9th Cir. 2026) (describing success on the merits as the "threshold inquiry" under *Winters* to obtain a preliminary injunction). Plaintiff's motion does not show a likelihood of success on the merits of his claims in the TAC. First, it raises distinct claims, as explained above. Second, also as explained above, although the motion makes occasional references to some of the *allegations* in the TAC in arguing for an exception to *Younger*, the motion does not address the merits of the TAC's claims or discuss evidence regarding such claims. Consequently, Plaintiff's motion must be denied for the second reason that it does not show a likelihood of success on the merits of the claims in the TAC.[7]

2. Motion to Dismiss and Stay

Defendants contend *Younger* requires abstention and dismissal of Plaintiff's "claims for injunctive and declaratory relief for lack of jurisdiction under Federal Rules of Civil Procedure 12(h)(3) and/or 12(b)(1)." (ECF No. 58 at 9:22-24.) Defendants also seek a stay of his claims for damages under *Younger*. *See Gilbertson v. Albright*, 381 F.3d 965, 968, 981 (9th Cir. 2004) (en banc) (holding court abstaining under *Younger* must stay claims for damages but dismiss claims for injunctive or declaratory relief).

a. Standard of Review

Rule 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction, and Rule 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(b)(1), (h)(3)..

b. Subject Matter Jurisdiction

Defendants' argument that *Younger* abstention deprives the Court of subject matter jurisdiction is wrong. *Younger* abstention "does not arise from lack of jurisdiction in the District

[7] In light of the conclusion that the motion should be denied for the reasons discussed above, the Court need not reach Defendants' argument that the motion to be denied under *Younger*.

Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced." *Ohio C.R. Comm'n* v.. *Dayton Christian Schs., Inc.*, 477 U.S. 619, 622 (1986); *see Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (explaining the *Younger* doctrine "does not implicate our subject matter jurisdiction"). Indeed, *Gilbertson*'s holding that the court must *stay* claims for damages, 351 F.3d at 981, demonstrates *Younger* abstention does not deprive a federal court of jurisdiction because if there is no jurisdiction then claims would have to be dismissed, not stayed. On this basis, Defendants' motion for dismissal for lack of jurisdiction fails.

Nonetheless, the Court addresses why *Younger* does not require the Court to abstain from exercising its jurisdiction over Plaintiff's claims.

c. *Younger* Abstention Not Required

Under principles of federalism and comity, *Younger* requires federal courts to abstain from interfering in pending state court criminal proceedings absent a showing of extraordinary circumstances such as the state's bad faith or harassment. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see*, *e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 83-85 (1971) (holding *Younger* abstention applies to requests to enjoin state criminal proceedings based upon claims of false arrest or inadmissible evidence).[8] *Younger* abstention principles also apply to damages claims that "turn on a constitutional challenge to pending state proceedings . . . because to determine whether the federal plaintiff is entitled to damages—and to determine whether the federal defendant is entitled to immunity—the district court must first decide whether a constitutional violation has occurred." *Gilbertson*, 381 F.3d at 979; *cf. Samuels v. Mackell,* 401 U.S. 66, 72 (1971) (holding *Younger* applies to requests for declaratory relief because "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid"). The use of *Younger* abstention is an "extraordinary and narrow exception" to the general rule that federal courts must exercise

[8] The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975).



United States District Court
Northern District of California

United States District Court
Northern District of California

jurisdiction over cases properly before them. *Potrero Hills Landfill v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011).

As noted above, the operative TAC seeks damages and declaratory relief and does not seek injunctive relief. (ECF No. 30 at 28.) Therefore, Defendants' arguments for abstention from claims for injunctive relief do not apply.

*Younger* abstention on Plaintiff's claims for damages or declaratory relief is also not required because his claims do not "turn on a constitutional challenge to" his "pending state proceedings." *See Gilbertson*, 351 F.3d at 979. As described above, Plaintiff's claims all arise from two incidents at the jail in which he alleges jail officials assaulted him, denied him adequate medical care, did not bring him to two court hearings, and retaliated against him for requesting such access. (ECF No. 30 at 14-27; *see also* ECF No. 34 at 3-4 (listing claims found capable of judicial determination following initial review).). Allegations that jail officials assaulted or denied him medical care at the jail do not relate in any way to his state court proceedings, let alone "turn on" any "challenge" to the constitutionality of such proceedings. *See Gilbertson*, 351 F.3d at 979.

Plaintiff's claim that Defendants denied him access to the courts also does not "turn on" any such challenge. *See id.* A claim for denial of access to the courts under Section 1983 requires an inmate to show that he was hindered from pursuing a non-frivolous claim in court, and that such hindrance was not reasonably related to a legitimate penological interest. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 354-55, 362 (1996). Plaintiff claims Defendants denied him access to the courts by allegedly refusing to bring him to three unspecified court appearances in his criminal proceedings in Santa Clara County Superior Court. (ECF No. 30 at ¶¶ 30-66, 168-171.) He alleges this prevented him from "presenting argument regarding his bail and pretrial detention;" he could not "communicate with defense counsel effectively regarding case strategy.[9] (*Id.* at ¶¶ 45,

[9] Although Plaintiff also alleges "his criminal defense was prejudiced" (ECF No, 30 at ¶ 181), under *Lewis,* he need not make this showing to prove his claim that Defendants denied him access to the courts. Plaintiff does claim Defendants violated his Sixth Amendment right to counsel due to his being prejudiced by not discussing strategy with defense counsel. If he did, such a claim would be barred under *Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (providing to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

179-181.) Under *Lewis*, to prove this claim, Plaintiff needs to prove the arguments about bail and pretrial detention he wanted to make or arguments defense counsel would have made if Plaintiff had conferred with him were non-frivolous (as well as that there was no legitimate penological purpose in not bringing him to the hearings). Such proof does not require showing a constitutional violation occurred in his criminal proceedings, nor does his claim "turn on" any other "constitutional challenge" to such proceedings or to his currently pending proceedings (*i.e.*, his appeal, his parole revocation, or Santa Cruz County prosecution). *See Gilbertson*, 351 F.3d at 979-80. Moreover, as the Ninth Circuit explained, "*Younger* abstention involves only [] interference" that "would have the same practical effect on the state proceeding as a formal injunction." *Id.* at 978. Defendants have not presented any showing that if Plaintiff obtained declaratory or damages relief on his claim he was denied access to courts, this would have the "practical effect" of "a formal injunction" on his state proceedings. *See id.*

Lastly, *Younger* does not require abstention from Plaintiff's retaliation claim. Plaintiff alleges that Defendants assaulted and reclassified him in retaliation for his request to attend the hearings. (ECF No. 30 at 8-9, 20-22.) This does not "turn on" any "constitutional challenge to" his criminal or parole proceedings in state court, nor does it have the "same practical effect as a forma injunction" on such proceedings. *See Gilbertson*, 351 F.3d at 977-78.

Defendants rely on Plaintiff's motion for a TRO and preliminary injunction as a basis for *Younger* abstention. (*See* ECF No. 58 at 23:2-3 ("Plaintiff's Application (see Dkt. 51) has further laid bare the underlying motivations for Plaintiff's § 1983 case."); *see e.g. id.* at 9:10-11, 16:24-17:4, 20:11-14.) Plaintiff's motion is not relevant to whether the Court should abstain from adjudicating Plaintiff's case because, as explained above, the motion makes claims and seeks relief that is entirely distinct from his pending claims from the operative TAC. And Defendants do not cite any authority, nor is the Court aware of any, supporting their argument that *Younger* abstention turns on his "underlying motivations" (ECF No. 58 at 23:2-3), as opposed to his actual claims.

---

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).



United States District Court
Northern District of California

United States District Court
Northern District of California

For the reasons discussed above, *Younger* does not require abstention from Plaintiff's claims. Therefore, Defendants' motion to dismiss and to stay will be denied.

3. <u>Discovery Dispute</u>

Both parties have filed discovery statements. (ECF Nos. 65 and 67.) Plaintiff served Defendants with Requests for Production of Documents, and Defendants responded with objections and have not produced documents. Plaintiff requested to confer with Defendants, and Defendants responded they would either do so after resolution of the pending motions or respond if Plaintiff addressed the objections in writing. (*See* ECF No. 67 at 2:24-28.) Plaintiff requests an order overruling Defendants' objections and compelling them to "provide substantive responses and rolling productions." (ECF No. 65 at 2:24.) Defendants indicate they are prepared to confer with Plaintiff following resolution of their motion to dismiss and Plaintiff's motion for a TRO and preliminary injunction. (ECF No. 67 at 2:14-16, 3:22-25.) As these motions are resolved by this order, the parties shall promptly meet and confer to make a good faith effort to resolve their discovery dispute as required by Federal Rule of Civil Procedure 37(a)(1). If there remains any dispute regarding such efforts, they may seek Court intervention by following the provisions of the Court's standing order for discovery disputes.

**CONCLUSION**

For the reasons explained above, above reasons,

1. Plaintiff's motion for a TRO or preliminary injunction is DENIED. (ECF No. 51.) Plaintiff's motion to file additional pages in his reply regarding this motion is GRANTED. (ECF No. 61.) Defendants' motion to dismiss is DENIED. (ECF No. 58.) Plaintiff's "motion for a writ of mandamus" (ECF No. 73) requesting a ruling on his motion for a TRO or preliminary injunction is GRANTED herein. His motion for an extension of time (ECF No. 32) to file a Third Amended Complaint is DENIED as moot because the TAC was filed and deemed timely in the Order of Service.

2. To expedite the resolution of this case:

a. No later than **February 19, 2027**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual

documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **March 19, 2027**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **April 2, 2027**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order terminates docket numbers 32, 51, 58, 61, 65, 67, and 73.

**IT IS SO ORDERED.**

Dated: November 24, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.